# EXHIBIT A

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO.  1781CV03584

Kristen Sluyski _____, PLAINTIFFS(S),

v.

Amgerican General Life Ins Co.  , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED 1   Amgerican General Life Ins Co (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you.  A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the _   Superior————— Court.  **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.   **You must respond to this lawsuit in writing within 20 days.**  If you do not respond, the court may decide
the case against you and award the Plaintiff everything asked for in the complaint.  You will also lose the
opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect
to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an
extension of time in writing from the Court.**

2.   **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a
copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

    a.   Filing your signed original response with the Clerk's Office for Civil Business,   Lowell Superior Ct
    360 Gorham St
    Lowell MA 01852    address), by mail or in person, **AND**

    b.   Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following
    address: _____   Ryan Law LLC, 481 Great Rd. Suite 19,Acton MA 01720

3.   **What to include in your response.**  An **"Answer"** is one type of response to a Complaint.  Your Answer
must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
use them in court.  If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
based on the same facts or transaction described in the Complaint, then you must include those claims
in your Answer.  Otherwise, you may lose your right to sue the Plaintiff about anything related to this
lawsuit.  If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
Answer or in a written demand for a jury trial that you must send to the other side and file with the
court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a
**"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion
to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.**  If
you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
described in the rules of the Court in which the complaint was filed, available at
www.mass.gov/courts/case-legal-res/rules of court.

Joseph P Casey

A true copy Attest.

Deputy Sheriff Suffolk County

1-31-18

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____ , 20 ___ .

_Michael A. Sullivan_

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on_____ , 20 ___ , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated:_____ , 20 ___        Signature: _____

**N.B.        TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

|  |
|---|
| , 20 ___ |

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts |
| --- | --- | --- |
| | | The Superior Court |

| PLAINTIFF(S): Kristen Sluyski | COUNTY |
| --- | --- |
| ADDRESS: 14 Crane Rd, Littleton, Middlesex County, MA 01460 | Middlesex |
| | DEFENDANT(S): American General Life Insurance Co. |
| ATTORNEY: Mark B. Ryan | |
| ADDRESS: 481 Great Rd Suite 19, Acton 01720 | ADDRESS: 2929 Allen Pkwy, Houston, TX 77019 |
| BBO 665310 | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
| --- | --- | --- | --- |
| BE1 | 93A violation relating to settlement of insurance proceeds. | F | ☒ YES    ☐ NO |

*If "Other" please describe: 

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................. $ _____
2. Total doctor expenses .............................................................. $ _____
3. Total chiropractic expenses ....................................................... $ _____
4. Total physical therapy expenses ................................................. $ _____
5. Total other expenses (describe below) ....................... Subtotal (A): $ 0.00

B. Documented lost wages and compensation to date .................................. $ _____
C. Documented property damages to dated ............................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ...................... $ _____
E. Reasonably anticipated lost wages ................................................ $ _____
F. Other documented items of damages (describe below) ............................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $ 0.00

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Failure of Plaintiff to settle death claim according to contract provisions and unfair business practice dealing with public

TOTAL $ 9000

Signature of Attorney/Pro Se Plaintiff: X _____     Date: 12-6-17

RELATED ACTIONS: Please provide the case number, case name, and count of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____     Date: 12-6-17

TurboLaw (800) 518-8726

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT
CIVIAL ACTION
NO._____

| | |
|---|---|
| KRISTEN SLUYSKI, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

## CLASS ACTION COMPLAINT

Plaintiff Kristen Sluyski ("Ms. Sluyski"), individually and on behalf of all others similarly situated, files this Complaint against Defendant American General Life Insurance Company ("AGLI") and in support thereof alleges as follows:

## INTRODUCTION

1.     Ms. Sluyski brings this action individually and on behalf of a class (the "Class") of all other similarly situated life insurance policy beneficiaries who (a) reside in a Class State (as defined below) and (b) as a result of AGLI's failure to properly calculate and include interest on proceeds paid after statutory prompt payment deadlines, have not been paid the full death benefits to which they were entitled under a life insurance policy issued by AGLI or any of AGLI's predecessors (including any policy issued by any life insurance company acquired by AGLI or any of its predecessors). In the 45 Class States, life insurers are required to make

1

timely payments of death benefits to policy beneficiaries. Timeliness is always calculated in

relation to the presentation of proof of death to the insurer. As it has confirmed to Ms. Sluyski,

for example in Massachusetts, AGLI has consistently followed a policy or practice of failing or

refusing to pay statutorily mandated interest on death claims paid more than 30 days following

the insured's death, despite clear statutory language requiring the inclusion of such interest in

any untimely payment. AGLI's unlawful policy or practice violates the unambiguous provisions

of G.L. c. 175C, § 119C and constitutes an unfair and deceptive act or practice under G.L. c. 93A

and G.L. c. 176D.

2.        There is a contractual obligation to pay at least 3% interest on the funds held by

the company. This provision is being ignored by the Defendant.

### PARTIES

3.        Ms. Sluyski is an individual residing in Littleton, Massachusetts.

4.        AGLI is a Delaware corporation with its principal place of business located at

2929 Allen Parkway, Houston, Texas. AGLI is, upon information and belief, a wholly-owned

subsidiary of insurance giant AIG.

### JURISDICTION AND VENUE

5.        This Court has subject matter jurisdiction over this matter because 93A class

actions cannot be heard in the district courts and because the case is filed as a class action under

Rule 23 of the Massachusetts Rules of Civil Procedure.

6.        This Court has personal jurisdiction over AGLI because it has a place of business

in the Commonwealth of Massachusetts, issues life insurance policies to Massachusetts

residents, and otherwise conducts business in this state.

7.     Venue in this District is appropriate because the life insurance policy that forms the basis of Ms. Sluyski's Complaint was sold and issued in this state and the conduct forming the basis for this complaint occurred in this state.

## FACTS

8.     According to its website, AGLI has been issuing life insurance policies for over a century.  It is one of the oldest life insurance companies in the United States.

9.     In December of 2001, AGLI, through its predecessor The Old Line Life Insurance Company of America, issued a term life insurance policy in the amount of $700,000.00 to Stephen Sluyski, Policy No. MH0007226 (the "Policy").

10.     Ms. Sluyski, the wife of the now-late Stephen Sluyski, was the named beneficiary on the Policy.

11.     On or around November 1, 2015, Mr. Sluyski passed away.

12.     Ms. Sluyski, as the named beneficiary on the Policy, promptly submitted a claim with the requisite proof of death to AGLI on November 19, 2015.

13.     General Laws c. 175, § 119C requires a life insurer such as AGLI to include mandatory interest with its death benefit payment, unless the benefit is paid within 30 days of the insured's death.  Similar laws exist in 45 states.

14.     The Massachusetts statute further requires that the interest be calculated at the rate for proceeds left on deposit, if the insurer has established such a rate.  If no such rate has been established, the insurer is required to pay interest at 6 percent.  If litigation is brought to secure payment, interest is paid at the rate of 12 percent.

15.     AGLI did not pay Ms. Sluyski's claim within 30 days of Mr. Sluyski's death.

3

16.     Accordingly, AGLI was required to include mandatory interest with its death benefit payment.

17.     AGLI finally paid Ms. Sluyski the death benefit on or about March 21, 2016, more than 108days after notice of the death of the insured, by sending her a check in the amount of $ 700,047.

18.     AGLI, however, failed to include the legally mandated interest with the death benefit payment.

19.     Hoping this was a mere oversight, Ms. Sluyski's representative called AGLI to request the missing interest payment.

20.     AGLI refused to pay Ms. Sluyski any interest payments. AGLI informed Ms. Sluyski's representative that. AGLI has *never* paid interest on term death benefit payments.

21.     Upon information and belief, AGLI has adopted a policy or practice in which AGLI refuses to comply with G.L. c. 175, § 119C, and the similar prompt payment statutes of the Class States, by refusing to make interest payments to life insurance beneficiaries residing in the Class States.

22.     Upon information and belief, AGLI adopted its policy or practice in an effort to achieve substantial financial savings each year. It is believed that AGLI knew its policy or practice was unlawful, yet determined that grieving beneficiaries would be unaware of, or unwilling to enforce, their rights under State law.

23.     On or about April 27, 2016, Ms. Sluyski sent a written demand for relief to AGLI under the provisions of G.L. c. 93A, § 9.

24.     AGLI rejected Ms. Sluyski's demand for relief and denied liability.

4

25.     Along with its denial of the claim, in a letter dated May 20, 2016 AGLI purported to make a payment to Ms. Sluyski based on a 1% interest calculation, claiming that this was the rate AGLI had established for funds left on deposit.

26.     Upon information and belief, AGLI either had no established rate for funds left on deposit or, in the alternative, had an established rate that was at least 4 times higher than what they offered to pay to Ms. Sluyski.

27.     AGLI artificially decreased the amount of interest it was legally required to pay to Ms. Sluyski in an attempt to further its efforts not to voluntarily make interest payments that are clearly required by law.

28.     Despite these shortcomings, Ms. Sluyski attempted to cash the check in partial satisfaction of her claim.

29.     The check AGLI sent Ms. Sluyski was not honored by the bank  when she attempted to cash it.

30.     Accordingly, AGLI's attempted payment to Ms. Sluyski failed to comply with or remedy its prior violation of G.L. c. 175, § 119C.

31.     Ms. Sluyski continues to be damaged by AGLI's conduct.

## Class Allegations

32.     Each of the allegations contained in the foregoing paragraphs is repeated and incorporated by reference as if fully set forth herein.

33.     Upon information and belief, AGLI has paid out death benefit payments to thousands of named beneficiaries on life insurance policies since April 2013.

5

34.     Upon information and belief, AGLI has refused to include mandatory interest payments with these death benefit payments for every claim that was not paid within 30 days of the insured's death for the same reasons it refused to pay Ms. Sluyski.

35.     Ms. Sluyski brings this action on behalf of herself and a Class of individuals similarly situated pursuant to Massachusetts Rules of Civil Procedure 23,   The Class consists of individuals who were beneficiaries on life insurance policies and received death benefit payments from AGLI, but who did not receive the mandatory statutory interest payments owed on payments made after the statutory deadline.

36.     Class action treatment is appropriate because the Class contains individuals who are similarly situated, and: (1) there are issues of law and fact common to all of the individuals as a Class; (2) the Class is so numerous that joinder of all individuals is impractical; (3) Ms. Sluyski and her attorneys will fairly and adequately represent the interests of the Class; (4) Ms. Sluyski's claims are typical of the claims of the Class; and (5) common questions of law and fact predominate over any individual issues, making a class action the superior and most efficient method to adjudicate this matter.

37.     Ms. Sluyski will fairly and adequately represent and protect the interests of those who are similarly situated.  She has no interests antagonistic to or in conflict with the other class members. Ms. Sluyski has retained competent counsel experienced in complex class action matters who are fully committed to pursuing the litigation to its proper conclusion.

38.     Ms. Sluyski's claims are typical of the claims of members of the Class.  All claims are based on the same base set of facts and legal theories.

39.     Upon information and belief, the Class encompasses at least hundreds of individuals. The Class is sufficiently numerous that joinder of all members is impractical. Identification of Class members can be readily and effectively achieved through discovery.

40.     There are questions of law and fact which are common to all members of the Class. These questions predominate over any question affecting only individual Class members. The gravamen of this Complaint is based on discrete and uniform policies and practices of AGLI that affected a large group of named beneficiaries residing in the Class States..

41.     Among the questions of law and fact common to Ms. Sluyski and the Class are:

- whether AGLI's policy or practice of refusing to pay mandatory interest violates G.L. c. 175, § 119C and the similar laws in the Class States;

- what is the appropriate remedy for such conduct;

- whether AGLI's conduct constitutes bad faith, a breach of the implied duty of good faith and fair dealing, or a breach of contract; and

- whether AGLI's conduct constitutes an unfair and deceptive act or practice in violation of G.L. c. 93A.

42.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

- the individual Class members are not aware that they have been wronged and are thus unable to prosecute individual actions;

- concentration of the litigation concerning this matter in this Court is desirable;

- a failure of justice will result from the absence of a class action;

- the amounts at issue for individual Class members are likely not substantial enough to make individual actions economical; and

- the Class is readily ascertainable, of moderate size, and no difficulties are likely to be encountered in the management of a class action.

7

## COUNT I
### (Breach of Contract)

43.     Ms. Sluyski repeats and incorporates by reference the allegations from each of the foregoing paragraphs as if fully set forth herein.

44.     The particular policies at issue were issued by Old Line Life Insurance Company of America.

45.     The policy contract states that the interest rate for funds left on deposit with the Insurance Company would be declared each year but *in no event would the interest rate be less then 3%* (emphasis added)

46.     The life insurance policies issued by AGLI or its predecessors to residents of Massachusetts expressly incorporate, or are deemed to incorporate, the relevant provisions of Massachusetts law concerning the payment of benefits thereunder, including the requirements of G.L. c. 175, § 119C.

47.     AGLI breached the Policy and all other policies applicable to the Class by refusing and otherwise failing to make interest payments mandated by law.

48.     Ms. Sluyski and the Class members have been damaged by AGLI's breaches.

## COUNT II
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

49.     Ms. Sluyski repeats and incorporates by reference the allegations from each of the foregoing paragraphs as if fully set forth herein.

50.     Ms. Sluyski's Policy and all other policies applicable to the Class contained an implied covenant of good faith and fair dealing.

8

51.   AGLI breached this implied covenant by knowingly adopting a policy or practice that violated the terms of the policies and the provisions of G.L. c. 175, § 119C for the purpose of achieving substantial financial savings at the beneficiaries' expense.

52.   Ms. Sluyski and the Class members have been damaged by AGLI's breaches.

## COUNT III
### (G.L. c. 175, § 119C)

53.   Ms. Sluyski repeats and incorporates by reference the allegations from each of the foregoing paragraphs as if fully set forth herein.

54.   As an insurer issuing life insurance policies to residents of Massachusetts, AGLI is subject to the provisions of G.L. c. 175, § 119C.

55.   The statute requires an insurer such as AGLI to automatically and without demand pay interest with the payment of a death benefit that is paid more than 30 days following the insured's death.

56.   The interest required to be paid must be calculated based upon the rate for proceeds left on deposit with the insurer. If the insurer does not have such a rate established, the insurer must pay interest at a rate of 6 percent.

57.   As set forth above, AGLI failed to comply with G.L. c. 175, § 119C by refusing to pay timely the full amount of interest required by law.

58.   Ms. Sluyski and the other Class members have been damaged by AGLI's violations.

9

## COUNT IV
### (G.L. c. 93A)

59.   Ms. Sluyski repeats and incorporates by reference the allegations from each of the foregoing paragraphs as if fully set forth herein.

60.   At all material times, AGLI was engaged in trade or commerce with Ms. Sluyski and the other Class members within the meaning of G.L. c. 93A.

61.   AGLI committed unfair and deceptive acts in violation of G.L. c. 93A, § 2 through the conduct set forth above, including:

- adopting a policy or practice of refusing to comply with the requirements of G.L. c. 175, § 119C;

- failing or otherwise refusing to pay all mandatory interest required to be paid under G.L. c. 175, § 119C;

- attempting to pay an artificially decreased interest payment when challenged by a beneficiary; and

- ignoring their own contact provision requiring a minimum interest rate of 3%.

- otherwise engaging in unfair claims settlement practices in violation of G.L. c. 176D, § 3(9).

62.   AGLI at all times acted willfully and intentionally and for the purpose of achieving substantial financial savings at beneficiaries' expense

63.   AGLI's conduct was performed primarily and substantially in the Commonwealth of Massachusetts.

64.   On April 27, 2016, Ms. Sluyski sent a written demand for relief under G.L. c. 93A. On May 30, 2017 a letter was sent to AGLI's in house counsel pointing out the interest clause which was ignored.

65.   Despite this demand, AGLI has refused to fully comply with its requirements under G.L. c. 175, § 119C.

66.   Ms. Sluyski and the other Class members have been damaged by AGLI's unfair and deceptive acts or practices.

## RELIEF REQUESTED

Ms. Sluyski, individually and on behalf of the Class, requests that this Court:

a.   Certify this action as a class action under Mass. R. Civ. P. 23 and G.L. c. 93A;

b.   Appoint Kristen Sluyski as Class representative, and the undersigned as Class counsel;

c.   Enter judgment in favor of Ms. Sluyski and the Class on Counts I through IV of the Complaint, and award damages, interest, costs, and attorneys' fees;

d.   Award double or treble damages, interest, costs, and attorneys' fees pursuant to Count IV;

e.   Enjoin AGLI from continuing to apply the unlawful policy or practice set forth above; and

f.   Award any other relief this Court deems just and equitable.

11

## JURY DEMAND

Ms. Sluyski and the Class demand a trial by jury on all claims and issues so triable.

KRISTEN SLUYSKI, individually and on
behalf of all others similarly situated,
By their attorneys,

Mark B. Ryan, BBO No. 665310
mryan@ryanlawllc.com
Ryan Law LLC
481 Great Road, Suite 19
Acton, MA 01720
T: 978-264-9966

4813-6609-1589, v. 1

12

Plaintiff's Verified Ad Damnum Pursuant to G.L. c. 231 Section 13B

I, Kristin Sluyski having personal knowledge of the facts pertaining to the above captioned and verify the same as true and correct.

Signed under the pains and penalties of perjury.   Date _12/6/17_

_Kristin Sluyski_

Ryan Law LLC

00130

12/7/201

PAY TO THE   Commonwealth of Massachusetts                    $ **280.00
ORDER OF

Two Hundred Eighty and 00/100**                                     DOLLARS

Commonwealth of Massachusetts

MEMO   Sluyski

⑆001306⑆ ⑆211070175⑆ 1308241949⑆

---

Ryan Law LLC

Commonwealth of Massachusetts                    12/7/2017         001306
                                                                   280.00

Operating Account        Sluyski                                   280.00

---

Ryan Law LLC

Commonwealth of Massachusetts                    12/7/2017         001306
                                                                   280.00

Operating Account        Sluyski                                   280.00

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1781CV03584  | Trial Court of Massachusetts<br>The Superior Court  |
|---|---|---|

| | |
|---|---|
| CASE NAME:<br>Kristen Sluyski, Individually and on on behalf of All others similarly situated<br>vs. American General Life Insurance Company | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| TO: Mark B Ryan, Esq.<br>Ryan Law LLC<br>481 Great Rd Suite 19<br>Acton, MA 01720 | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>360 Gorham Street<br>Lowell, MA 01852 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 03/08/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 04/09/2018 | |
| All motions under MRCP 12, 19, and 20 | 04/07/2018 | 05/07/2018 | 06/06/2018 |
| All motions under MRCP 15 | 02/01/2019 | 03/04/2019 | 03/04/2019 |
| All discovery requests and depositions served and non-expert depositions completed | 11/28/2019 | | |
| All motions under MRCP 56 | 12/30/2019 | 01/27/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/26/2020 |
| Case shall be resolved and judgment shall issue by | | | 12/07/2020 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>**12/08/2017** | ASSISTANT CLERK<br>**Michael M Brennan** | PHONE<br>**(978)453-0201** |
|---|---|---|

Date/Time Printed: 12-08-2017 09:37:45                                    SCV026\ 11/2014