## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

KRISTEN SLUYSKI, individually and
on behalf of all others similarly situated,

        Plaintiff,

   v.

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

        Defendant.

Civil Action No. 18-10411-PBS

## DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S ANSWER TO THE COMPLAINT

Defendant, American General Life Insurance Company ("AGLI"), responds to the Complaint of Plaintiff, Kristen Sluyski, as follows:

### INTRODUCTION

1.     Paragraph 1 of the Complaint contains both assertions of law and certain factual allegations. The assertions of law, *viz.*, the supposed requirements of insurers under unspecified prompt payment statutes in the "45 Class States," assertions regarding AGLI's compliance with the same, and the assertion that AGLI's alleged conduct violated G.L. c. 175, § 119C, c. 176D, and c. 93A, require no response. Insofar as Paragraph 1 also contains certain factual allegations, such as AGLI's alleged "confirm[ation]" to plaintiff of its supposed "policy or practice" with regard to compliance with Massachusetts' statute governing payment of interest on life insurance proceeds, AGLI denies the allegations.

2.     Denied.

## PARTIES

3.      AGLI lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 3 of the Complaint, and therefore denies them.

4.      AGLI denies the allegation that it is a Delaware corporation.  AGLI admits that part

of its corporate headquarters is located at the 2929 Allen Parkway, Houston, Texas address, but

denies that its entire corporate headquarters is located at this address.  AGLI further admits that it

is a wholly-owned subsidiary of AIG.  The subjective characterization of AIG as an "insurance

giant" is not a factual allegation to which any response is required, and AGLI expressly declines

to respond to this characterization contained in Paragraph 4 and denies any characterization

inconsistent with the foregoing admissions.

## JURISDICTION AND VENUE

5.      Paragraph 5 contains a legal conclusion to which no response is required.  To the

extent a response is required, AGLI denies the allegations.

6.      Paragraph 6 contains a legal conclusion to which no response is required.  To the

extent a response is required, AGLI denies the allegations.

7.      Paragraph 7 contains a legal conclusion to which no response is required.  To the

extent a response is required, AGLI denies the allegations.

## FACTS

8.      Paragraph 8 does not specify the "website," it refers to.  The websites associated

with AGLI speak for themselves and AGLI denies any allegations inaccurately characterizing their

content.

9.      Admitted.

10.     Admitted, with the exception of the reference to Sluyski as the "wife of now-late Stephen Sluyski."  AGLI denies the statement insofar as it asserts that Sluyski was married to Stephen Sluyski as of the date of his death.

11.     AGLI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies them.

12.     AGLI admits that Ms. Slusyki was the named beneficiary policy and states that AGLI received a claim submitted by Ms. Sluyski.  AGLI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13.     Paragraph 13 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, AGLI denies the allegations.

14.     Paragraph 14 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, AGLI denies the allegations.

15.     Admitted.

16.     Paragraph 16 of the Complaint contains a conclusion of law to which no response is required.  To the extent a response is required, AGLI denies the allegations.

17.     Admitted.

18.     Denied.

19.     AGLI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies them.

20.     Denied.

21.     Denied.

22.     Denied.

23.     To the extent that Paragraph 23 purports to characterize the content of the correspondence or alleges that the correspondence complied with the statutory prerequisites for pre-suit demand letters under G.L. c. 93A, § 9, AGLI denies the correspondence complied with G.L. c. 93A.  AGLI further states that the written correspondence speaks for itself and denies any allegations inconsistent therewith.

24.     Paragraph 24 of the Complaint purports to characterize the content of a written letter, which speaks for itself, and AGLI denies any allegations inconsistent therewith.

25.     AGLI states that the allegations of Paragraph 25 purport characterize the content of a written document, which speaks for itself, and AGLI denies any allegations inconsistent therewith.

26.     Denied.

27.     Denied.

28.     AGLI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore denies them.

29.     AGLI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore denies them.

30.     Denied.

31.     Denied.

## Class Allegations

32.     AGLI restates and incorporates each and every response contained in Paragraphs 1 through 31 as if set forth fully herein.

33.     Admitted.

34.     Denied.

35.     Paragraph 35 does not contain any factual allegations to which a response is required.  AGLI denies that the allegations of the Complaint are properly brought as a class action or that the proposed class complies with Fed. R. Civ. P. 23.

36.     Paragraph 36 contains assertions of law to which no response is required.  AGLI denies that the allegations of the Complaint are properly brought as a class action or that the proposed class complies with Fed. R. Civ. P. 23.

37.     Paragraph 37 contains assertions of law to which no response is required.  AGLI denies that the allegations of the Complaint are properly brought as a class action or that the proposed class complies with Fed. R. Civ. P. 23.

38.     Paragraph 38 contains assertions of law to which no response is required.  AGLI denies that the allegations of the Complaint are properly brought as a class action or that the proposed class complies with Fed. R. Civ. P. 23.

39.     Paragraph 39 contains assertions of law to which no response is required.  AGLI denies that the allegations of the Complaint are properly brought as a class action or that the proposed class complies with Fed. R. Civ. P. 23.

40.     Paragraph 40 contains assertions of law to which no response is required.  AGLI denies that the allegations of the Complaint are properly brought as a class action or that the proposed class complies with Fed. R. Civ. P. 23.

41.      Paragraph 41 contains assertions of law to which no response is required.  AGLI denies that the allegations of the Complaint are properly brought as a class action or that the proposed class complies with Fed. R. Civ. P. 23.

42.     Paragraph 42 contains assertions of law to which no response is required.  AGLI denies that the allegations of the Complaint are properly brought as a class action or that the proposed class complies with Fed. R. Civ. P. 23.

## COUNT I
### (Breach of Contract)

43.     AGLI restates and incorporates each and every response contained in Paragraphs 1 through 42 as if set forth fully herein.

44.     Paragraph 44 refers to the "particular policies at issues" without explaining what those policies are or represent.  AGLI therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and therefore denies them

45.     Paragraph 45 purports to characterize the content of a written document, which speaks for itself, and AGLI denies any allegations inconsistent therewith.

46.     Paragraph 46 purports to characterize the content of a written document, which speaks for itself, and AGLI denies any allegations inconsistent therewith.  To the extent that Paragraph 46 also contains conclusions of law, no response is required, and AGLI does not respond to the same.

47.     Denied.

48.     Denied.

## COUNT II
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

49.     AGLI restates and incorporates each and every response contained in Paragraphs 1 through 48 as if set forth fully herein.

50.     Paragraph 50 contains an assertion of law to which no response is required.  To the extent a response is required, AGLI denies the allegations.

51.     Denied.

52.     Denied.

## COUNT III
### (G.L. c. 175, § 119C)

53.     AGLI restates and incorporates each and every response contained in Paragraphs 1 through 52 as if set forth fully herein.

54.     Paragraph 54 contains an assertion of law to which no response is required.  To the extent a response is required, AGLI denies the allegations.

55.     Paragraph 55 contains assertions of law to which no response is required.  To the extent a response is required, AGLI denies the allegations.

56.     Paragraph 56 contains assertions of law to which no response is required.  To the extent a response is required, AGLI denies the allegations.

57.     Denied.

58.     Denied.

## COUNT IV
### (G.L. c. 93A)

59.     AGLI restates and incorporates each and every response contained in Paragraphs 1 through 58 as if set forth fully herein.

60.     Paragraph 60 contains assertions of law to which no response is required.  To the extent a response is required, AGLI denies the allegations.

61.     Denied.

62.     Denied.

63.     Paragraph 63 contains an assertion of law to which no response is required.  To the extent a response is required, AGLI denies the allegations.

64.     AGLI lacks knowledge or information sufficient to form a belief as to the allegations regarding the dates on which plaintiff sent particular correspondence.  The remaining allegations contained in Paragraph 64 purport to characterize the content of written documents, which speak for themselves, and AGLI denies any allegations inconsistent therewith.  AGLI further denies that any alleged correspondence sent by plaintiff complied with the statutory prerequisites of G.L. c. 93A.

65.     Denied.

66.     Denied.

## RELIEF REQUESTED

AGLI denies that plaintiff is entitled to any of the requested relief.  AGLI requests that this Court dismiss plaintiff's claims with prejudice, and further requests any and all other relief that this Court determines to be just and proper under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to state claims for which relief can be granted pursuant to Fed. R. Civ. P. 12 (b) (6).

### SECOND AFFIRMATIVE DEFENSE

 This Court lacks personal jurisdiction over the claims of some or all of the potential class members and therefore those claims must be dismissed pursuant to Fed. R. Civ. P. 12 (b) (2).

### *THIRD AFFIRMATIVE DEFENSE*

AGLI states that plaintiff has failed to comply with the statutory prerequisites of filing a proper G.L. c. 93A demand letter prior to filing suit.

### *FOURTH AFFIRMATIVE DEFENSE*

AGLI states that plaintiff's injuries and damages, if any, were in no way caused by AGLI, or by anyone for whose conduct AGLI is legally responsible.

### *FIFTH AFFIRMATIVE DEFENSE*

AGLI states that at all relevant times it has acted reasonably, in good faith, and in accordance with its legal duties, rights and obligations.

### *SIXTH AFFIRMATIVE DEFENSE*

The Complaint fails to comply with Fed. R. Civ. P. 8.

### *SEVENTH AFFIRMATIVE DEFENSE*

AGLI denies any allegations not specifically admitted herein, and specifically denies that is has failed to comply with G.L. c. 176D, G.L. c. 93A, G.L. c. 175, § 119C, and that it has breached any obligation owed to plaintiff or any other person under any insurance contract.

### *EIGHTH AFFIRMATIVE DEFENSE*

The Complaint is barred, in whole or in part, by the doctrine of laches.

### *NINTH AFFIRMATIVE DEFENSE*

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

### *TENTH AFFIRMATIVE DEFENSE*

Plaintiff is barred from relief because, to the extent she has suffered any harm or damages, such harm or damages were the result of her own conduct.

*ELEVENTH AFFIRMATIVE DEFENSE*

The Complaint is barred, in whole or in part, by the doctrine of waiver.

*TWELFTH AFFIRMATIVE DEFENSE*

The G.L. c. 93A claim should be dismissed for failure to state claims for which relief can be granted as many members of the putative class have had no contact with the forum state.

*THIRTEENTH AFFIRMATIVE DEFENSE*

Plaintiff's claims fail as she has suffered no damages.

*FOURTEENTH AFFIRMATIVE DEFENSE*

AGLI reserves the right to assert additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, AGLI respectfully requests that plaintiff's Complaint be dismissed with prejudice and that the Court grant AGLI such other and further relief as it deems just and proper under the circumstances.

## JURY DEMAND

AGLI denies that either Plaintiff or the putative class are entitled to a trial by jury.

Respectfully submitted,

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

By its attorneys,


 /s/ Matthew G. Lindenbaum
Matthew G. Lindenbaum (BBO #670007)
Kevin P. Polansky (BBO #667229)
Christine M. Kingston (BBO #682962)
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
(t) (617)-217-4700
(f) (617) 217-4710
matthew.lindenbaum@nelsonmullins.com
kevin.polansky@nelsonmullins.com
Dated: March 16, 2018                       christine.kingston@nelsonmullins.com




## CERTIFICATE OF SERVICE


I, Matthew G. Lindenbaum, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: March 16, 2018                       /s/ Matthew G. Lindenbaum