UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KRISTEN SLUYSKI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 18-10411-PBS<br><br>**LEAVE GRANTED ON MAY 18, 2018** |

## AGLI'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE AND TO DISMISS PLAINTIFF'S PUTATIVE CLASS ALLEGATIONS

In her opposition, Plaintiff fails to distinguish the landmark *Bristol-Meyers Squibb Co.* decision, which is controlling here, under which her class allegations are beyond the personal jurisdiction of this Court. Plaintiff also effectively concedes that her claim for violation of Mass. G.L. c. 93A cannot apply to non-Massachusetts putative class members. *See* Memorandum of Law in Support of Mot. Strike and Dismiss at pp. 6, 10-11. Finally, Plaintiff's efforts to otherwise defend her putative class allegations do the opposite by demonstrating that her class definition is unworkable and that she does, indeed, seek certification of an impermissible "fail-safe" class. For these reasons, AGLI's motion to strike should be granted.

### ARGUMENT

I. <u>This Court lacks personal jurisdiction over the claims of out-of-state putative class members.</u>

In the opening memorandum, AGLI demonstrated that this Court has neither general nor specific personal jurisdiction over the putative class claims. A corporate defendant may only be

subject to general jurisdiction in a forum "in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 760, 187 L. Ed. 2d 624 (2014) (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S. Ct. 2846, 2853–54, 180 L. Ed. 2d 796 (2011)) (internal quotation marks omitted). AGLI is neither incorporated in Massachusetts nor does it have its principal place of business here—thus, it is not "fairly regarded as at home" in Massachusetts. *See* Mem. of Law at p. 5.

Plaintiff, however, argues that general jurisdiction may lie by virtue of AGLI's designation of the Massachusetts Commissioner of Insurance as its agent for service of process under G.L. c. 175, §§ 150 and 151. *See* Opp. at pp. 4-5. This is incorrect. As the First Circuit has noted, "courts have consistently held that the appointment of an agent of process alone does not suffice to allow for the exercise of general jurisdiction." *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 16 n.6 (1st Cir. 2009) (*citing Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir. 1992)). Otherwise, every insurance company doing business in Massachusetts would be dis-incentivized to appoint the Massachusetts Commissioner of Insurance as their agent for service.

With respect to personal jurisdiction, AGLI demonstrated that under the Supreme Court's recent decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017), a federal court may not assert personal jurisdiction over claims that lack sufficient connection to the forum state *even if* specific jurisdiction exists with respect to the plaintiff's individual claim. Plaintiff does not distinguish *Bristol-Meyers* or explain why it should not control here. Indeed, subsequent decisions have consistently found the reasoning of *Bristol-Meyers* to be applicable to actions similar to this one. *See*, *e.g.*, *McDonnell v. Nature's Way Products, LLC*, No. 16 C 5011, 2017 WL 4864910, at *4 (N.D. Ill. Oct. 26,

2017) (applying *Bristol-Meyers* to dismiss claims of putative non-resident class members); *Wenokur v. AXA Equitable Life Ins. Co.*, No. CV 17-00165-PHX-DLR, 2017 WL 4357916, at *4 n.4 (D. Ariz. Oct. 2, 2017) (court lacked personal jurisdiction over claims of non-resident putative class members); *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, No. 14 C 2032, 2018 WL 1255021, at *16 (N.D. Ill. Mar. 12, 2018) (dismissing claims of non-resident putative class members for lack of personal jurisdiction); *In re Dental Supplies Antitrust Litigation*, No. 16 Civ. 696 (BMC)(GRB), 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017) ("[t]he constitutional requirements of due process do not wax and wane when the complaint is individual or on behalf of a class."). For these reasons, the court does not have jurisdiction over the claims of out-of-state putative class members and those claims should be stricken.

    II.    <u>Plaintiff's admits her c. 93A claim can proceed only on behalf of a Massachusetts sub-class.</u>

The Complaint asserts a claim under Mass. G. L. c. 93A for a putative nationwide class of plaintiffs. As AGLI argued, c. 93A does not apply to the claims of non-Massachusetts residents for harm allegedly caused by non-Massachusetts residents and allegedly suffered outside of Massachusetts. Thus, with respect to putative class members in all but one jurisdiction (Massachusetts), Plaintiff has asserted a cause of action that simply is not available. Plaintiff's suggestion that the c. 93A claim could proceed on behalf of a "[s]ubclass of Massachusetts [p]laintiffs" appears to concede the point. Opp. at p. 6.

    III.    <u>The class definition is not ascertainable and constitutes a "fail-safe" class.</u>

In the opening memorandum, AGLI explained that Plaintiff's putative class constitutes an improper "fail-safe" class that is not sufficiently definite or ascertainable. A fail-safe class is a class where determination of the putative members' membership in the class is the same determination as to liability. This is precisely what plaintiff has pleaded here—a class consisting

of residents of the "45 states" that have enacted "[s]imilar laws" to Mass. G.L. c. 175, § 119C, Compl., ¶ 13, "who did not receive the mandatory interest payments owed on payments made after the statutory deadline[,]" Compl., ¶ 35.  The class is not ascertainable, because it does not identify the 45 jurisdictions or relevant statutes or explain "similarity."  And it is an impermissible fail safe class, because determining membership in the class also determines liability.

To defend the ascertainability of the putative class, Plaintiff attaches a table purporting to summarize the availability of interest on insurance proceeds in all 50 U.S. states and the District of Columbia.  *See* Opp., Exhibit A.[1]  But this exhibit proves AGLI's argument—it shows that there are significant, material variations among the laws of the 50 states and the determination of whether the insurer has complied requires a fact-intensive merits determination for most individuals.  For example, interest does not begin to accrue under the California statute until the insured has submitted a claim for benefits and the insurer then fails or refuses to pay on the claim.  *See Jimison v. Am. Gen. Life Ins. Co.*, No. 15CV01620 JAH - NLS, 2017 WL 4227002, at *5 (S.D. Cal. Sept. 21, 2017).  The New Hampshire and North Carolina statutes contain identical language to California's.[2]  By contrast, other states, such as New York, Georgia, New Mexico, and Texas, require compliance with all conditions precedent under the applicable policy, including furnishing of requested proofs of loss, before the right to interest accrues.[3]  In

---

[1] This Court should decline to consider Exhibit A.  "Ordinarily, a court [in ruling on a motion to dismiss] may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).

[2] *See* N. H. REV. STAT. ANN. § 408:10-a; N.C. GEN. STAT. ANN. § 58-58-110 (a).

[3] *See, e.g.*, *Perfume & Cosmetics Palace, Inc. v. CGU Ins. Co.*, 295 A.D.2d 215, 216, 744 N.Y.S.2d 19, 20 (1st Dept. 2002); *see also* Georgia statute, GA. CODE ANN. § 33-25-10 (b)(2), (e)(1) (interest computed from 30 days after the date the claim is filed, defined as "the date the insurer receives a substantially completed application or other written notice" and "reasonable proof of death of the insured"); N.M. STAT. ANN. § 59A-16-21 (period after which interest is owed does not begin to run until "required proof of loss has been furnished"); TEX. INS. CODE ANN.

other states, the date the obligation to pay interest accrues depends upon how many days after death the beneficiary provides proof of death.[4]

Under Iowa's statute, meanwhile, the accrual date of interest depends upon whether the policy requires the beneficiary to survive for a designated period of time after the death of the insured.  *See* IOWA CODE ANN., § 511.38, para. 1.  Still other states' statutes apply only in the event the claim is undisputed and/or toll the accrual of interest in the event the insurer requests additional information or documentation, such as Maine, Michigan, and New Jersey.[5]

North Dakota's statute does not proscribe any rate of interest at all, but rather only requires payment of a "reasonable" interest, and the entitlement to such interest depends upon the date on which the beneficiary submitted proof of death.  *See* N.D. CENT. CODE ANN. § 26.1-33-05, para. 9.  The Indiana interest statute cited in Exhibit A does not mandate payment of interest on insurance proceeds, but rather is the state's general pre-judgment interest statute for contract and Uniform Commercial Code actions.  *See* IND. CODE § 24-4.6-103.[6]  Similarly, the Kentucky statutory provision cited in Exhibit A has nothing to do with payment of interest on life insurance proceeds; rather, the cited Kentucky statute governs the timely settlement, denial,

---

§ 542.058 (payment required within 90 days of insurer's receipt of "all items, statements, and forms reasonably requested and required . . . .").

[4] *See, e.g.*, IDAHO CODE ANN. § 41-1337 (2); MD. CODE ANN. § 16-109 (b) (2); N.D. CENT. CODE ANN. § 26.1-33-05, para. 9, *supra*.

[5] *See* ME. STAT. tit. 24-A § 2436 (interest in the event of non-payment of a claim that is not "disputed" within 30 days and tolling the accrual of interest if the insurer requests additional reasonable information); MICH. COMP. LAWS ANN. § 500.2006 (3) (claim is timely paid if payment made within 60 days after receipt of necessary medical information requested by insurer); N.J. STAT. § 17B:25-11 (separate accrual periods for undisputed claims and those under investigation).

[6] Moreover, with respect to putative Indiana class members whose life insurance benefits claims would be governed by ERISA, the Indiana statute would be preempted and does not apply.  *See Hizer v. Gen. Motors Corp., Allison Gas Turbine Div.*, 888 F. Supp. 1453, 1459-60 (S.D. Ind. 1995) (plaintiff's claim for interest on insurance proceeds under IND. CODE § 24-4.6-1-103 was preempted by ERISA).

or payment of claims by *health care providers* for reimbursement pursuant to an applicable insurance contract.[7]

Even determining which state law applies also varies from state to state. In Minnesota, Ohio, and Nebraska, application of the statute depends upon the state of the beneficiary's residency at the time of the death claim.[8]

This is just an overview of the countless ways in which the state laws listed in Exhibit A differ from one another. Plaintiff's putative class definition provides absolutely no basis for this Court to determine which of these provisions are "similar" to Massachusetts', or what similarity means in this context.

As to the fact that the complaint pleads an impermissible fail-safe class, Plaintiff admits that her putative class definition is predicated entirely upon the merits of each individual class member's claim, claiming that "simple fact discovery of the death beneficiaries who were not timely paid and did not receive interest on their benefits *will not only establish their status as class members but will also establish AGLI's liability*." Opp. at p. 8 (emphasis added). That is the very definition of a "fail-safe" class.

## CONCLUSION

For the reasons stated herein and those set forth in AGLI's Memorandum of Law in Support of Its Motion to Strike and Dismiss Plaintiff's Putative Class Allegations, AGLI respectfully requests that this Court allow its Motion to Strike and Dismiss Plaintiff's Putative Class Allegations.

---

[7] *See* KY. REV. STAT. ANN. § 304.17A-702 (1) ("Except for claims involving organ transplants, each insurer shall reimburse *a provider* for a clean claim . . . within thirty (30) calendar days . . . .") (emphasis added); *id.* at § 304.17A-702 (2) (a) ("Within the applicable claims payment time frame, an insurer shall . . . [p]ay the total amount of the claim in accordance with any contract between the insurer *and the provider* . . . .") (emphasis added).

[8] *See* MINN. STAT. ANN. § 61A.011, Subd. 4 (c); OHIO REV. CODE ANN. § 3915.052 (C); NEB. REV. STAT. ANN. § 44-3,143 (1) (a).

Respectfully submitted,

AMERICAN GENERAL
LIFE INSURANCE COMPANY,

By its attorneys,

*/s/  Matthew G. Lindenbaum*
Matthew G. Lindenbaum, BBO #670007
Kevin P. Polansky, BBO #667229
Christine M. Kingston, BBO #682962
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
matthew.lindenbaum@nelsonmullins.com
kevin.polansky@nelsonmullins.com
Date: May 18, 2018                christine.kingston@nelsonmullins.com

CERTIFICATE OF SERVICE

I, Matthew G. Lindenbaum, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: May 18, 2018                */s/ Matthew G. Lindenbaum*